

**SO ORDERED.**

**SIGNED this 08 day of March, 2007.**

_____
A. Thomas Small
United States Bankruptcy Judge

_____

```
           UNITED STATES BANKRUPTCY COURT
           EASTERN DISTRICT OF NORTH CAROLINA
                  RALEIGH DIVISION

IN RE:                              CASE NO.

LEROY JOHNSON AND                   05-01168-5-ATS
BEVERLY MAE JOHNSON

     Debtors


LEROY JOHNSON AND
BEVERLY MAE J0HNSON
                                    ADVERSARY PROCEEDING NO.
     Plaintiffs
                                    S-06-00051-5-AP
     v.

DEPARTMENT OF HOUSING AND URBAN
DEVELOPMENT

     Defendant.
```

MEMORANDUM OPINION

The trial of this adversary proceeding to recover a prepetition setoff made against a debt owed by the chapter 7 debtors, Leroy Johnson and Beverly Mae Johnson, to the Department of Housing and Urban Development ("HUD"), was held in Raleigh, North Carolina on December 6, 2006. The court entered an interim order on December 22, 2006,

requesting additional argument on specific issues related to the interpretation of 11 U.S.C. § 553(b). A telephonic status conference was conducted, and an additional hearing took place on February 7, 2007.

This bankruptcy court has jurisdiction over the parties and the subject matter of this proceeding pursuant to 28 U.S.C. §§ 151, 157, and 1334, and the General Order of Reference entered by the United States District Court for the Eastern District of North Carolina on August 3, 1984. This is a "core proceeding" within the meaning of 28 U.S.C. §§ 157(b)(2)(F) and (O), which this court may hear and determine.

The debtors filed a petition for relief under chapter 7 of the Bankruptcy Code on March 29, 2005. Prior to the debtors' filing of the petition, the Internal Revenue Service, pursuant to 26 U.S.C. § 6402(d) and 31 U.S.C. § 3720A (collectively, the "intercept statute") offset the amount of $2,079 from the debtors' 2004 tax refund. The offset occurred on or about February 11, 2005. The IRS applied this offset to the debtors' indebtedness to HUD, which derived from a home loan made to the debtors and guaranteed by HUD in June 1990 and on which the debtors defaulted in October 2001. The issue at trial was whether the debtors may recover the tax refund on grounds that it was an improper preferential transfer or setoff, which should instead be returned to the debtors as property they seek to claim as exempt.

2

The debtors filed a tax return with the IRS in early 2005, claiming a tax refund of $2,079, and the IRS thereafter intercepted the debtors' refund on or about February 11, 2005.  It transmitted the refund of $2,079 to HUD, which applied the funds to the debtors' home loan debt.  Whether the debtors received the notice required by § 3720A is not entirely clear from the evidence, but none of the parties addressed the subject so the court will assume that notice is not at issue.  The debtors seek to recover the setoff, primarily pursuant to 11 U.S.C. § 553(b).

The debtors filed their petition on to March 29, 2005, and the ninetieth day prior to filing was December 29, 2004.  The debtors report that on December 29, 2004, they owed to HUD an amount in excess of $2,079.  Neither HUD nor any other department or agency of the United States was then indebted to the debtors in any amount equal to or greater than $2,079.

> Section 553(b) provides, in relevant part, that
>
> (1) . . . if a creditor offsets a mutual debt owing to the debtor against a claim against the debtor on or within 90 days before the date of the filing of the petition, then the trustee may recover from such creditor the amount so offset to the extent that any insufficiency on the date of such setoff is less than the insufficiency on the later of --
>     (A) 90 days before the date of the filing of the petition; and
>     (B) the first date during the 90 days immediately preceding the date of the filing of the petition on which there is an insufficiency.
> (2) In this subsection, "insufficiency" means amount, if any, by which a claim against the debtor exceeds a mutual debt owing to the debtor by the holder of such claim.

3

11 U.S.C. § 553(b). The debtors assumed at the trial that there was an insufficiency on the 90th day prior to the filing. By definition, however, no insufficiency may occur until there is a mutual debt owed. 11 U.S.C. § 553(b)(2); see also Lopes v. United States Dep't of Housing and Urban Development (In re Lopes), 211 B.R. 443 (D.R.I. 1997). Because there was no mutual debt owing on the 90th day prior to the filing of the petition, the court looks to the date on which a mutual debt first existed to determine whether an insufficiency existed. At some time, either as of the end of the tax year 2004 or on the date that the debtors filed their tax return, the United States owed the debtors $2,079. Because the debtors owed the United States more than $2,079, an insufficiency existed as of that time. Whether the debtors can recover the setoff depends on whether the government realized an improvement in position between the date the insufficiency first existed and the date it exercised the setoff, February 11, 2005.

The insufficiency on the date it first came into existence was the difference between the amount owed by the debtors to HUD and $2,079. The insufficiency on February 11, 2005, just prior to the setoff, was also the difference between the amount owed by the debtors to HUD and $2,079. HUD's position was not improved between the date the insufficiency first arose and the date of setoff, and there is no basis for recovery under § 553(b).

In the alternative, the debtors seek to recover the funds pursuant to § 547, contending the payment was a preferential transfer. Because the transfer of funds was a setoff, it is protected by § 553. Accordingly, there can be no recovery by the debtors under § 547.

Based on the foregoing, the court concludes that the government properly exercised its right of setoff and did not realize an improvement in position that would entitle the debtors to recover any portion of the intercepted funds under § 553(b), and the debtors may not recover the intercepted funds as a preferential transfer pursuant to § 547.

A separate judgment will be entered in favor of the defendant.

**END OF DOCUMENT**